Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
PO Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Ruiz,<br><br>    Plaintiff,<br><br>vs.<br><br><br>Coast Sign Incorporated, Shahrokh Alemi, Farhad Tale Yazdi, and Afsham Alemi<br><br>    Defendants. | No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Cesar Ruiz ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, Coast Sign Incorporated ("Defendant Coast Sign"), Shahrokh Alemi, Farhad Tale Yazdi, and Afsham Alemi, (Collectively "Defendants"), and he alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is a former employee of Defendants. This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, and 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728,

-1-

739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a). Additionally, the FLSA prohibits employers from engaging in retaliatory conduct against current and/or former employees who seek unpaid wages pursuant to the FLSA. See 29 U.S.C. § 215(a).

## PARTIES

3. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona.

4. At all material times, Defendant Coast Sign was a corporation duly licensed to transact business in the State of Arizona. Defendant Coast Sign does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

5. At all relevant times, Plaintiff was an employee of Defendant Coast Sign. At all relevant times, Defendant Coast Sign, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Coast Sign. In any event, at all relevant times, Defendant Coast Sign was an employer subject to the FLSA and employed Plaintiff.

6. At all relevant times, Defendant Shahrokh Alemi owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Coast Sign. At

all relevant times, Defendant Shahrokh Alemi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Coast Sign. In any event, at all relevant times, Defendant Shahrokh Alemi was an employer subject to the FLSA and employed Plaintiff.

7.   Jane Doe Alemi is the fictitious name for Defendant Shahrokh Alemi's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Shahrokh Alemi and Jane Doe Alemi have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

8.   At all relevant times, Defendant Farhad Tale Yazdi owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Coast Sign. At all relevant times, Defendant Farhad Tale Yazdi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Coast Sign. In any event, at all relevant times, Defendant Farhad Tale Yazdi was an employer subject to the FLSA and employed Plaintiff.

9.   Jane Doe Yazdi is the fictitious name for Defendant Farhad Tale Yazdi's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Farhad Tale Yazdi and Jane Doe Yazdi have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

10. At all relevant times, Defendant Afshan Alemi owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Coast Sign. At all relevant times, Defendant Afshan Alemi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Coast Sign. In any event, at all relevant times, Defendant Afshan Alemi was an employer subject to the FLSA and employed Plaintiff.

11. Jane Doe Alemi is the fictitious name for Defendant Afshan Alemi's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Afshan Alemi and Jane Doe Alemi have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12. Upon information and belief, Defendants Shahrokh Alemi, Farhad Tale Yazdi, and Afshan Alemi were and continue to be residents of Orange County, California.

13. At all relevant times, Plaintiff was an "employee" of Defendants Coast Sign, Shahrokh Alemi, Farhad Tale Yazdi, and Afshan Alemi as defined by 29 U.S.C. § 203(e)(1).

14. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants Coast Sign, Shahrokh Alemi, Farhad Take Yazdi, and Afshan Alemi.

15. At all relevant times, Defendants were and continue to be employers as defined by 29 U.S.C. § 203(d).

16. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## NATURE OF THE CLAIM

20. Defendants own and/or operate as Coast Sign Incorporated, an enterprise located in Maricopa County, Arizona.

21. Plaintiff was employed by Defendants from approximately May 1, 2014, through approximately August 24, 2015, and had the job title "Project Manager."

22. For the entire duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

23. As a result of Defendants' failure to pay time and a half to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

24. Defendants hired Plaintiff in May 2014 and gave him the job title of "Project Manager."

25. Plaintiff terminated his employment on August 24, 2015.

26. Plaintiff was a non-exempt employee.

27. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours. During this time, Plaintiff consistently worked more than forty (40) hours per week, including routinely working through lunch periods.

28. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

29. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

31. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

-6-

32. At all relevant times, Defendants employed Plaintiff, and Plaintiff was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

33. While employed by Defendants, Plaintiff regularly and consistently worked tens of hours of overtime per week, and Defendants did not pay to Plaintiff one-and-one-half times his regular rate of pay.

34. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

35. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

36. For example, during the workweek beginning July 20, 2015, Plaintiff was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one-and-one-half times his regular rate of pay for all time he worked in excess of forty (40) hours.

37. Plaintiff believes and therefore avers that Defendants owe him similar unpaid overtime wages for all other pay periods for the duration of his employment.

38. Additionally, while employed by Defendants, Defendants regularly and consistently suffered or permitted Plaintiff to work overtime hours outside of normal business hours and on weekends, yet Defendants did not pay Plaintiff any wage whatsoever for such time Plaintiff worked. As a result, Defendants additionally failed or refused to

compensate Plaintiff one-and-one-half times his regular rate of pay for hours Plaintiff worked outside of normal business hours and on weekends.

39.  As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

40.  Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

41.  Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

42.  Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of his regular 40-hour workweek.

43.  Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

44.  Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

45. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Cesar Ruiz, individually, requests that this Court enter Judgment against Defendants, Defendants Coast Sign Incorporated, Shahrokh Alemi, Farhad Tale Yazdi, Afshan Alemi, the marital community of Shahrokh Alemi and Jane Doe Alemi, the marital community of Farhad Tale Yazdi and Jane Doe Yazdi, and the marital community of Afshan Alemi and Jane Doe Alemi, in his favor:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiff's regular rate while working at Coast Sign Incorporated.

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th Day of December 2015.

                             THE BENDAU LAW FIRM, PLLC

                             By: /s/ *Clifford P. Bendau, II*

                             Clifford P. Bendau, II
                             Attorney for Plaintiff